AUSA: Georgia V. Kostopoulos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **24 MAG 2753** |
| v. | 24 Mag. |
| JORDAN GUY MACDONALD GOUDREAU | **RULE 5(c)(3) AFFIDAVIT** |
| *Defendant.* | |

SOUTHERN DISTRICT OF NEW YORK, ss.:

JACOB HAMILTON, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

On or about July 17, 2024, the United States District Court for the Middle District of Florida issued an arrest warrant for "Jordan Guy Macdonald Goudreau" based on a July 16, 2024 indictment charging GOUDREAU with violations of 18 U.S.C. § 554, 22 U.S.C. § 2778, 50 U.S.C. § 4819, 26 U.S.C. § 5861(d), and 18 U.S.C. § 922(o) (hereinafter, the "Indictment" and "Warrant"). A copy of the Indictment and Warrant are attached hereto as Exhibit A and Exhibit B, and are incorporated by reference herein.

I believe that JORDAN GUY MACDONALD GOUDREAU, the defendant, who was taken into the custody of the FBI today in the Southern District of New York, is the same individual as the "Jordan Guy Macdonald Goudreau" who is named in the Indictment and arrest warrant issued by the United States District Court for the Middle District of Florida.

The bases for my knowledge and for the foregoing are, in part, as follows:

1.      I am a Special Agent with the FBI. This affidavit is based upon my personal participation in this matter, as well as on my conversations with other law enforcement officers, my examination of documents, reports, and records, and my personal observations of the defendant. I have been personally involved in determining whether JORDAN GUY MACDONALD GOUDREAU, the defendant, is the same individual as the "Jordan Guy Macdonald Goudreau" named in the Indictment and Warrant issued by the United States District Court for the Middle District of Florida. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit each and every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part unless otherwise noted.

2.      Based on my review of documents from proceedings in the United States District Court for the Middle District of Florida, I know that, on or about July 17, 2024, the United

1

AUSA: Georgia V. Kostopoulos

States District Court for the Middle District of Florida issued a warrant for the arrest of "Jordan Guy Macdonald Goudreau." The Warrant was issued based on a Indictment charging "Jordan Guy Macdonald Goudreau" with violations of 18 U.S.C. § 554, 22 U.S.C. § 2778, 50 U.S.C. § 4819, 26 U.S.C. § 5861(d), and 18 U.S.C. § 922(o). *See* Exs. A and B.

        3.     Based on my participation in today's arrest, I know that, on or about July 30, 2024, at approximately 12:00 p.m., JORDAN GUY MACDONALD GOUDREAU, the defendant, was arrested in Manhattan, New York.

        4.     I believe that JORDAN GUY MACDONALD GOUDREAU, the defendant, is the same person as the "Jordan Guy Macdonald Goudreau" listed in the Indictment and Warrant because, when agents interviewed JORDAN GUY MACDONALD GOUDREAU and asked him to identify himself, he identified himself as "Jordan Guy Macdonald Goudreau."

        5.     In addition, I believe that JORDAN GUY MACDONALD GOUDREAU, the defendant, is the same person as the "Jordan Guy Macdonald Goudreau" named in the Indictment and Warrant because when I spoke with GOUDREAU following his arrest today, I observed that his appearance resembles that of "Jordan Guy Macdonald Goudreau" in photographs that I have reviewed, including photographs obtained from public sources and photographs on a website that appears to belong to GOUDREAU.

        6.     Additionally, I believe that JORDAN GUY MACDONALD GOUDREAU, the defendant, is the same person as the "Jordan Guy Macdonald Goudreau" listed in the Indictment and Warrant because when GOUDREAU was processed by law enforcement following his arrest, he confirmed his name and date of birth, which match the name and date of birth associated with the "Jordan Guy Macdonald Goudreau" listed in the Indictment and Warrant.

        7.     Finally, I believe that JORDAN GUY MACDONALD GOUDREAU, the defendant, is the same person as the "Jordan Guy Macdonald Goudreau" listed in the Indictment and Warrant because when GOUDREAU was arrested by law enforcement, he had a Veterans Affairs ("VA") identification card in his possession that listed the same name and date of birth associated with the the "Jordan Guy Macdonald Goudreau" listed in the Indictment and Warrant.

AUSA: Georgia V. Kostopoulos

WHEREFORE, I respectfully request that JORDAN GUY MACDONALD GOUDREAU, the defendant, be imprisoned or bailed, as the case may be.

_____
JACOB HAMILTON
Special Agent
Federal Bureau of Investigation

Sworn to before me this
30th day of July, 2024

_____
THE HONORABLE GARY STEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3

AUSA: Georgia V. Kostopoulos

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                           CASE NO. 8:24cr 330-VHC-CPT

JORDAN GUY MACDONALD GOUDREAU and
YACSY ALEXANDRA ALVAREZ MIRABAL

                                           JUL 16 2024 PM4:56
                                           FILED - USDC - FLMD - TPA

                        **O R D E R**

 The Motion to Seal Indictment and Related Documents filed by the United

States is hereby GRANTED, and the Clerk of Court is so directed.

 The Clerk is further directed to seal the Indictment in this cause except when

necessary to provide certified copies of the Indictment to the United States

Attorney's Office;

 It is further ordered that upon verbal request from the United States Attorney's

Office that the United States Marshals Service is to release a certified copy of the

arrest warrant to the case agent or other appropriate law enforcement and/or to the

United States Attorney's Office without further order of the Court. It is further

ordered that the United States Marshals Service or other appropriate law

enforcement agency may enter the arrest warrant into the National Crime

Information Center (NCIC) database or other appropriate law enforcement database

without further order of the Court.

 It is further ordered that the United States may disclose the existence of the

Indictment in any search and seizure warrants to be executed in conjunction with the

arrest of the defendant.

The Clerk is further ordered to unseal all documents relating to the Indictment without any further Order of the Court when any named defendant is taken into custody.

DONE AND ORDERED at Tampa, Florida, this 6th day of July 2024.

HON. THOMAS G. WILSON
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:24cr330-UHC-CPT

JORDAN GUY MACDONALD GOUDREAU and
YACSY ALEXANDRA ALVAREZ MIRABAL

18 U.S.C. § 371
(Conspiracy)
18 U.S.C. § 554
(Smuggling)
22 U.S.C. § 2778 (Arms
Export Control Act)
50 U.S.C. § 4819 (Export
Control Reform Act)
26 U.S.C. § 5861(d)
(National Firearms Act)
18 U.S.C. § 922(o)
(Unlawful Possession of
Machinegun)

SEALED

**INDICTMENT**

The Grand Jury charges:

JUL 16 2024 PM 4:57
FILED - USDC - FLMD - TPA

**COUNT ONE**
**(Conspiracy)**

**A.    Introduction**

At times material to this Indictment:

1.    JORDAN GUY MACDONALD GOUDREAU ("GOUDREAU")

was a United States citizen who resided in Melbourne, Florida. GOUDREAU was

the Chief Executive Officer of Silvercorp USA, Inc. ("SILVERCORP"), a company

located in Melbourne, Florida.

2.    YACSY ALEXANDRA ALVAREZ MIRABAL ("ALVAREZ") was a Venezuelan citizen who resided in Colombia.

3.    GOUDREAU, ALVAREZ, and others conspired to export AR-type firearms, night vision devices, laser sights, and other equipment from the United States to Colombia, without obtaining the required export licenses, to carry out an armed incursion into Venezuela to remove Nicolás Maduro Moros from power.

## RELEVANT LAW

4.    In furtherance of the national security and foreign policy interests of the United States, the export of defense-related articles is regulated by the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778. Section 2778(a) authorizes the President of the United States to control the export of defense articles and to establish a United States Munitions List ("USML"), which identifies and defines the defense articles subject to those controls. Section 2778(b) provides that any person engaged in the business of exporting any defense article shall register with the government and that no defense articles may be exported without a license for such export. Section 2778(c) establishes criminal penalties for any willful violation of Section 2778 or any rule or regulation thereunder.

5.    The United States Department of State, through the Directorate of Defense Trade Controls ("DDTC"), implements the AECA through the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Parts 120-130. These regulations establish the USML and require a license for the export of any item on the USML, which is set forth in 22 C.F.R. §

2

121.1. "Defense articles," as that term is used in the AECA and the ITAR, means items designated for placement on the USML as weapons and other implements of war. With limited exceptions, a person or entity seeking to export from the United States items designated "defense articles" on the USML must receive a license or other approval from the DDTC.

6.    Further, the Export Control Reform Act ("ECRA"), 50 U.S.C. §§ 4811-4852, controls the export, reexport, and in-country transfer of certain goods, software, and technologies that can be used both for civilian and military applications and could make a significant contribution to the military potential of other nations or could be detrimental to the foreign policy or national security of the United States. It is a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of any regulation, order, license, or authorization issued pursuant to the ECRA. *Id.* § 4819.

7.    The United States Department of Commerce, through the Bureau of Industry and Security ("BIS"), implements the ECRA through the Export Administration Regulations ("EAR"), Title 15, Code of Federal Regulations, Parts 730-774. The BIS imposes licensing and other requirements on the export, reexport, and in-country transfer of EAR-controlled items. The most sensitive items subject to the EAR controls are identified on the Commerce Control List ("CCL"), set forth in Title 15, Code of Federal Regulations, Part 774, Supplement Number 1. Items listed on the CCL are categorized by Export Control Classification Number ("ECCN"),

3

each of which is subject to export control restrictions depending on the item's

technical characteristics, country of destination, end use, and end user.

8.     As part of U.S. export regulatory changes, on or about March 9, 2020,

the U.S. government transferred certain items, including semi-automatic AR-type

firearms, from control under the USML to the CCL. *See* 85 Fed. Reg. 4,136 (Jan. 23,

2020).

<b>B.</b>     <b><u>The Conspiracy</u></b>

9.     Beginning as early as in or around November of 2019, and continuing

through on or about March 23, 2020, in the Middle District of Florida, and

elsewhere, the defendants,

<b>JORDAN GUY MACDONALD GOUDREAU and<br>YACSY ALEXANDRA ALVAREZ MIRABAL,</b>

did knowingly and willfully combine, conspire, and agree with each other and with

others known and unknown to the Grand Jury to commit the following offenses

against the United States:

a.     to knowingly and willfully export and cause to be exported from

the United States to Colombia defense articles, without first having obtained a

license or other written authorization for such export, in violation of 22 U.S.C. §

2778 and 22 C.F.R. § 127.1;

b.     to knowingly and willfully export and cause to be exported from

the United States to Colombia items on the Commerce Control List, without first

4

having obtained a license or other written authorization for such export, in violation of 50 U.S.C. § 4819 and 15 C.F.R. §§ 736.2, 764.2; and

      c.     to fraudulently and knowingly export and send from the United States merchandise, articles, and objects, contrary to a law and regulation, and receive, conceal, buy, and facilitate the transportation and concealment of such merchandise, articles, and objects, prior to exportation, knowing the same to be intended for exportation contrary to a law and regulation of the United States, specifically, 50 U.S.C. § 4819, 15 C.F.R. §§ 736.2, 764.2, 22 U.S.C. § 2778, and 22 C.F.R. § 127.1, in violation of 18 U.S.C. § 554(a).

### C.    Manner and Means

    10.    The manner and means by which the co-conspirators sought to accomplish the object of the conspiracy included, among others:

      a.     It was part of the conspiracy that the co-conspirators would and did identify firearms and military-related equipment for export to Colombia;

      b.     It was further part of the conspiracy that GOUDREAU would and did obtain funds in the United States to buy firearms and military-related equipment for export to Colombia;

      c.     It was further part of the conspiracy that the co-conspirators would and did buy and receive firearms and military-related equipment in the United States for export to Colombia;

5

d.     It was further part of the conspiracy that co-conspirators would and did assemble and arrange for the assembly of AR-type firearms in the United States for export to Colombia;

e.     It was further part of the conspiracy that co-conspirators would and did transport firearms and military-related equipment within the United States before its shipment to Colombia;

f.     It was further part of the conspiracy that co-conspirators would and did export firearms and military-related equipment, including AR-type firearms, silencers, night vision devices, laser sights, and helmets, from the United States to Colombia;

g.     It was further part of the conspiracy that co-conspirators would and did travel by private aircraft to carry people and military-related equipment to Colombia;

h.     It was further part of the conspiracy that co-conspirators would and did use email and text messages and other forms of communication to communicate with each other regarding the export of firearms and military-related equipment to Colombia;

i.     It was a further part of the conspiracy that GOUDREAU would and did pay ALVAREZ for her services;

j.     It was further part of the conspiracy that co-conspirators would and did employ various techniques to protect their anonymity and to thwart detection of their activities by government and law-enforcement agencies; and

6

     k.     It was further part of the conspiracy that co-conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### D.    Overt Acts

    11.    In furtherance of the conspiracy, and to effect the objects thereof, at least one of the co-conspirators committed or caused to be committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

     a.     On or about November 7, 2019, GOUDREAU sent text messages to an equipment distributor, stating, "Here is the list bro," which list included, among other things, night vision devices, ballistic helmets, AR-15 rifles with iron sights, and red dot sights.

     b.     On or about November 12, 2019, GOUDREAU, doing business as SILVERCORP, executed a loan agreement with an associate, in which he promised to repay the associate $100,000 plus $100,000 in interest within 12 months.

     c.     On or about December 7, 2019, GOUDREAU sent text messages to an associate, providing an address for a storge unit utilized by GOUDREAU in Phoenix, Arizona, and identifying it as "[t]he place you are picking up the ammo."

     d.     On or about December 15, 2019, GOUDREAU purchased six Steiner eOptics Laser Devices Dual Beam Aiming Lasers DBAL-I2, with a delivery address of an associate's location in Miami, Florida.

e.      On or about December 17, 2019, GOUDREAU made several purchases of AR-type firearm components and tools for assembling AR-type firearms, with a delivery address of SILVERCORP's location in Melbourne, Florida, including the following items: sixty complete upper assemblies of different lengths; sixty 80% lower bulk receivers and one 80% lower receiver and jig kit; and sixty lower build kits.

f.      On or about December 17, 2019, ALVAREZ sent a text message to GOUDREAU asking him whether she would be "taking things" with her on an upcoming flight from the United States to Colombia.

g.      On or about December 21, 2019, GOUDREAU sent a SILVERCORP associate a text message, stating, "We def need our guns."

h.      On or about December 22, 2019, ALVAREZ sent GOUDREAU a text message, asking, "Are you going to need that I bring something for you from US??"

i.      On or about December 22, 2019, ALVAREZ sent GOUDREAU a text message, stating, "I Drive from Tampa to Miami the same 26."

j.      On or about December 22, 2019, GOUDREAU sent ALVAREZ a text message, stating, "I will give you the stuff on the 26."

k.      On or about December 24, 2019, GOUDREAU purchased 30 Vortex Optics SPARC red dot sights and eight solvent traps, also known as silencers, with a delivery address of SILVERCORP's location in Melbourne, Florida.

8

l.      On or about December 26, 2019, ALVAREZ traveled from Miami, Florida, to Barranquilla, Colombia on a commercial flight.

m.      On or about December 27, 2019, GOUDREAU, doing business as SILVERCORP, purchased a 2006 Cranchi Endurance 41 yacht for approximately $90,000.

n.      On or about December 30, 2019, GOUDREAU, doing business as SILVERCORP, paid ALVAREZ $2,000 via Zelle transfer.

o.      On or about December 31, 2019, GOUDREAU, doing business as SILVERCORP, paid ALVAREZ $2,000 via Zelle transfer.

p.      On or about January 2, 2020, GOUDREAU sent a text message to a SILVERCORP associate, asking, "How are the lowers coming?"

q.      On or about January 2, 2020, GOUDREAU ordered one KDSG PVS-14 Monocular L3 Gen 3 system optical sight, which was shipped to SILVERCORP's location in Melbourne, Florida.

r.      On or about January 2, 2020, GOUDREAU traveled from Orlando, Florida to Bogotá, Colombia on a commercial flight.

s.      On or about January 3, 2020, GOUDREAU ordered six Sightmark ReadyFire IR6 infrared laser sights with a delivery address of SILVERCORP's location in Melbourne, Florida.

t.      On or about January 7, 2020, GOUDREAU ordered six Sightmark ReadyFire IR6 infrared laser sights with a delivery address of SILVERCORP's location in Melbourne, Florida.

9

u.    On or about January 7, 2020, GOUDREAU electronically
signed an order compliance form acknowledging that all products sold by a night
vision goggles company are subject to export control laws and regulations of the U.S.
Government.

v.    On or about January 9, 2020, GOUDREAU traveled from
Barranquilla, Colombia, to Miami, Florida on a commercial flight.

w.    On or about January 12, 2020, GOUDREAU sent ALVAREZ a
text message listing the contents that they would be sending to Colombia via private
airplane, including "60 vests," "60 steel plates," "3 med bags," "60 plastics helmets,"
and "Airsoft helmets."

x.    On or about January 12, 2020, GOUDREAU ordered two
Sightmark ReadyFire IR6 laser sights with a delivery address of SILVERCORP's
location in Melbourne, Florida.

y.    On or about January 13, 2020, GOUDREAU ordered three Sig
Sauer Romeo5 XDR red dot sights and one Sightmark ReadyFire IR6 infrared laser
sight with a delivery address of SILVERCORP's location in Melbourne, Florida.

z.    On or about January 15, 2020, ALVAREZ sent an email to
GOUDREAU with the subject line "Training Letter," in which she requested that
GOUDREAU sign an attached draft document purporting to memorialize an
agreement in which Silver Corp USA S.A.S., which ALVAREZ and GOUDREAU
had registered in Barranquilla, Colombia on or about June 28, 2019, was holding a

10

three-week training session for approximately 60 attendees, for which they needed 60 vests with plates, 60 walkie-talkies, 60 airsoft helmets, and 60 personal kits.

      aa.    On or about January 15, 2020, ALVAREZ traveled on a private airplane from Barranquilla, Colombia, to the Miami-Opa Locka Executive Airport ("Opa Locka Airport").

      bb.    On or about January 16, 2020, GOUDREAU, ALVAREZ, and others traveled by private airplane from the Opa Locka Airport to Barranquilla, Colombia.

      cc.    On or about January 18, 2020, GOUDREAU sent a SILVERCORP associate a text message, stating, "We have another bird going out on Wednesday maybe just coordinate with [ALVAREZ] to ensure that everything gets on the bird."

      dd.    On or about January 22, 2020, GOUDREAU traveled from Barranquilla, Colombia, to Miami, Florida, on a commercial flight.

      ee.    On or about January 24, 2020, ALVAREZ traveled from Barranquilla, Colombia, to Miami, Florida on a commercial flight.

      ff.    On or about January 24, 2020, GOUDREAU, doing business as SILVERCORP, paid ALVAREZ $3,000 via Zelle transfer.

      gg.    On or about January 24, 2020, GOUDREAU and ALVAREZ traveled off the coast of Florida in the Cranchi Endurance 41 yacht, which held cargo including thousands of rounds of .556 ammunition in ammunition cans, plate body armor, military-style helmets, and high-capacity magazines for AR-15 rifles.

11

hh.    On or about January 24, 2020, GOUDREAU ordered one Sightmark ReadyFire IR6 infrared laser sight, 10 Sig Sauer Romeo5 1x20mm red dot sights, three Steiner OTAL-C IR Offset Tactical Aiming Lasers, and three Steiner eOptics Laser Devices Dual Beam Aiming Lasers DBAL-I2, with a delivery address of SILVERCORP's location in Melbourne, Florida.

ii.    On or about January 27, 2020, GOUDREAU ordered eight Sightmark ReadyFire IR6 infrared laser sights, seven Sig Sauer Romeo5 XDR red dot sights, three Sig Sauer Romeo5 1x20mm red dot sights, and 10 Sniper FL3000R Green/IR laser sights with a delivery address of SILVERCORP's location in Melbourne, Florida.

jj.    On or about January 28, 2020, GOUDREAU ordered 20 Sightmark ReadyFire IR6 infrared laser sights with a delivery address of SILVERCORP's location in Melbourne, Florida.

kk.    On or about February 6, 2020, ALVAREZ traveled by private airplane from the Opa Locka Airport to Barranquilla, Colombia.

ll.    On or about February 14, 2020, GOUDREAU, doing business as SILVERCORP, paid ALVAREZ $700 via Zelle transfer.

mm.    In or around the third week of February 2020, GOUDREAU left the United States with a SILVERCORP associate in the Cranchi Endurance 41 yacht that he had purchased on December 27, 2019.

nn.    On or about February 20, 2020, GOUDREAU caused an equipment distributor to create a packing slip for tactical backpacks, pants, helmets,

12

and other items to be shipped from Hialeah, Florida to ALVAREZ in Barranquilla, Colombia.

oo.    On or about March 11, 2020, GOUDREAU, doing business as SILVERCORP, paid ALVAREZ $1,300 via Zelle transfer.

pp.    On or about March 23, 2020, in or near Barranquilla, Colombia, ALVAREZ and an associate loaded suitcases into the associate's car, from which AR-type firearms, night vision devices, laser sights, helmets, and solvent traps were seized by the Colombian National Police on or about the same day.

qq.    On or about March 23, 2020, GOUDREAU sent a text message to an equipment distributor asking if there was any way to get the "other pallet" from Miami to Colombia.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Smuggling Goods from the United States)

1.    Paragraphs 1 through 3 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2.    On or about December 17, 2019, in the Middle District of Florida and elsewhere, the defendant,

**JORDAN GUY MACDONALD GOUDREAU,**

did fraudulently and knowingly receive, conceal, and buy merchandise, articles, and objects, that is, approximately sixty 80% lower bulk receivers, which were designated as defense articles on the United States Munitions List, prior to exportation, knowing

13

the same to be intended for exportation contrary to a law and regulation of the United States, specifically, 22 U.S.C. § 2778, and 22 C.F.R. § 127.1.

In violation of 18 U.S.C. §§ 554(a) and 2.

## COUNT THREE
### (Smuggling Goods from the United States)

1.    Paragraphs 1 through 3 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2.    On an unknown date between December 17, 2019, and March 23, 2020, in the Middle District of Florida and elsewhere, the defendants,

**JORDAN GUY MACDONALD GOUDREAU and
YACSY ALEXANDRA ALVAREZ MIRABAL,**

aided and abetted by each other and by others known and unknown to the Grand Jury, did fraudulently and knowingly export and send from the United States merchandise, articles, and objects, that is, approximately twenty-four semi-automatic AR-type firearms, which were seized by Colombian National Police in Santa Marta, Colombia, on or about March 23, 2020, contrary to a law and regulation of the United States, specifically, 50 U.S.C. § 4819, 15 C.F.R. §§ 736.2, 764.2, 22 U.S.C. § 2778, and 22 C.F.R. § 127.1.

In violation of 18 U.S.C. §§ 554(a) and 2.

## COUNTS FOUR THROUGH EIGHT
### (Violations of the Arms Export Control Act)

1.    Paragraphs 1 through 3 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

14

2.    On an unknown date between December 15, 2019, and March 23, 2020, in the Middle District of Florida and elsewhere, the defendants,

**JORDAN GUY MACDONALD GOUDREAU and
YACSY ALEXANDRA ALVAREZ MIRABAL,**

aided and abetted by each other and by others known and unknown to the Grand Jury, did willfully export and cause to be exported, from the United States to Colombia, the items specified in each count below, which were seized by Colombian National Police in Santa Marta, Colombia, on or about March 23, 2020, and which were designated as defense articles on the United States Munitions List, without first having obtained from the United States Department of State a license or written approval for such export:

| Count | Defense Article | Quantity (Approximate) | U.S. Munitions List Category |
|-------|-----------------|------------------------|------------------------------|
| 4 | Fully automatic AR-type firearms | 2 | I(b) |
| 5 | Sniper FL3000R Green Laser Sight | 7 | XII(c)(2)(iv) |
| 6 | Steiner eOptics Laser Devices Dual Beam Aiming Laser Intelligent DBAL-I2 | 7 | XII(c)(2) |
| 7 | Steiner OTAL-C IR Offset Tactical Aiming Laser | 7 | XII(c)(2)(iv) |
| 8 | KDSG PVS-14 Monocular L3 Gen 3 | 1 | XII(c)(2)(ii) |

In violation of 22 U.S.C. § 2778, 22 C.F.R. § 127.1, and 18 U.S.C. § 2.

## COUNTS NINE THROUGH TWELVE
### (Violation of the Export Control Reform Act of 2018)

1.      Paragraphs 1 through 3 of Count One of this Indictment are hereby

realleged and incorporated by reference by reference as though fully set forth herein.

2.      On an unknown date between December 15, 2019, and March 23,

2020, in the Middle District of Florida and elsewhere, the defendants,

### JORDAN GUY MACDONALD GOUDREAU and
### YACSY ALEXANDRA ALVAREZ MIRABAL,

aided and abetted by each other and by others known and unknown to the Grand

Jury, did willfully export and cause to be exported, from the United States to

Colombia, the items specified in each count below, which were seized by Colombian

National Police in Santa Marta, Colombia, on or about March 23, 2020, and which

were on the Commerce Control List, without first having obtained the required

licenses or authorizations from the United States Department of Commerce:

| Count | Item | Quantity (Approximate) | Commerce Control List |
|-------|------|------------------------|-----------------------|
| 9 | Sightmark Readyfire IR6 Laser Sights | 30 | 0A504.f |
| 10 | Sig Sauer Romeo5 XDR Compact Red Dot Sights | 8 | 0A504.c |
| 11 | Sig Sauer Romeo5 1x20mm Compact Red Dot Sights | 12 | 0A504.c |
| 12 | Vortex Optics SPARC Red Dot Optical Sight | 23 | 0A504.c |

In violation of 50 U.S.C. § 4819, 15 C.F.R. § 764.2, and 18 U.S.C. § 2.

16

## COUNT THIRTEEN
### (Violation of the National Firearms Act)

1.    Paragraphs 1 through 3 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2.    On an unknown date between December 24, 2019, and March 23, 2020, in the Middle District of Florida, the defendant,

### JORDAN GUY MACDONALD GOUDREAU,

knowingly possessed a firearm, as defined in 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(25), namely, eight silencers, which were seized by Colombian National Police in Santa Marta, Colombia, on or about March 23, 2020, and were not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) and 5871.

## COUNT FOURTEEN
### (Unlawful Possession of a Machinegun)

1.    Paragraphs 1 through 3 of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2.    On an unknown date between December 17, 2019, and March 23, 2020, in the Middle District of Florida, the defendant,

### JORDAN GUY MACDONALD GOUDREAU,

knowingly possessed a machinegun, that is, two fully automatic AR-type firearms, which were seized by Colombian National Police in Santa Marta, Colombia, on or

17

about March 23, 2020.

In violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## FORFEITURE

1.     The allegations contained in Counts One through Fourteen are
incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C.
§§ 981(a)(1)(C) and 982(a)(1), 22 U.S.C. § 401, 26 U.S.C. § 5872, 28 U.S.C.
§ 2461(c), 49 U.S.C. § 80303. and 50 U.S.C. § 2778.

2.     Upon a conviction of a violation of 50 U.S.C. § 4819, or a conspiracy to
violate 50 U.S.C. § 4819, the defendants shall forfeit to the United States, pursuant to
50 U.S.C. § 4819(d):

      a.     Any property, real or personal, used, in any manner, to commit
or facilitate the violation;

      b.     Any property, real or personal, constituting or traceable to the
gross proceeds taken, obtained, or retained, in connection with or as a
result of the violation; and/or

      c.     Any property constituting an item or technology that is exported
or intended to be exported as a result of the violation.

3.     Upon conviction of the violation of 22 U.S.C. § 2778, or a conspiracy to
violate 22 U.S.C. § 2778, the defendants shall forfeit to the United States, pursuant to
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal,
which constitutes or is derived from proceeds traceable to the offense, and, pursuant
to 22 U.S.C. § 401 and 28 U.S.C. § 2461, any arms or munitions of war or other

18

articles attempted to be exported in violation of 22 U.S.C. § 2778, and any vessel,

vehicle, or aircraft used in exporting or attempting to export such articles.

4.    Upon conviction of a violation of 18 U.S.C. § 554, or a conspiracy to

violate 18 U.S.C. § 554, the defendant shall forfeit to the United States, pursuant to

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal,

which constitutes or is derived from proceeds traceable to the violation.

5.    Upon conviction of a violation 26 U.S.C. § 5861, the defendant shall

forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c),

any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28

U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation,

concealment, receipt, possession, purchase, sale, exchange, or giving away of such

firearm.

6.    Upon conviction of a violation of 18 U.S.C. § 922(g) or any other

criminal law of the United States, the defendant shall forfeit to the United States,

pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition

involved in or used in the violation.

7.    The property to be forfeited includes, but is not limited to, the

following:

      a.    Twenty-six AR-type firearms;

      b.    Seven Sniper FL3000R Green Laser Sights;

      c.    Seven Steiner eOptics Laser Devices Dual Beam Aiming Laser
      Intelligent DBAL-I2;

19

    d.      Seven Steiner OTAL-C IR Offset Tactical Aiming Laser;

    e.      One KDSG PVS-14 Monocular L3 Gen 3;

    f.      Thirty Sightmark Readyfire IR6 Laser Sights;

    g.      Eight Sig Sauer Romeo5 XDR Compact Red Dot Sights;

    h.      Twelve Sig Sauer Romeo5 1x20mm Compact Red Dot Sights;

    i.      Twenty-Three Vortex Optics SPARC Red Dot Optical Sights;
and

    j.      Eight Aluminum D Size Solvent Filters/Traps Direct Attach - 1/4" (.223/5.56), also known as "silencers."

8.     If any of the property described above, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third person;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be subdivided without difficulty;

20

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,


Foreperson _____


ROGER B. HANDBERG
United States Attorney


Risha Asokan
Assistant United States Attorney


*Cherie Krigsman, AUSA*
for Daniel J. Marcet
Chief, National Security Section


JENNIFER K. GELLIE
Executive Deputy Chief,
Counterintelligence and Export Control
Section


for Menno Goedman
Trial Attorney


for Emma Ellenrieder
Trial Attorney


21

FORM OBD-34
July 24

No. _____

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JORDAN GUY MACDONALD GOUDREAU and
YACSY ALEXANDRA ALVAREZ MIRABAL

INDICTMENT

Violations: 18 U.S.C. § 371; 18 U.S.C. § 554; 22 U.S.C. § 2778;
50 U.S.C. § 4819; 26 U.S.C. § 5861(d); 18 U.S.C. § 922(o)

A true bill.

_____
Foreperson

Filed in open court this 16th day

of July, 2024.

_____ Karina
Nieves
Clerk

Bail $ _____

GPO 863 525

AUSA: Georgia V. Kostopoulos

# EXHIBIT B

AO 442 (Rev 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 8:24 cr 330 - VMC- CPT |
| Jordan Guy Macdonald Goudreau | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    Jordan Guy Macdonald Goudreau                                   ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment        ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Violate Arms Export Control Act, in violation of 18 U.S.C. § 371;
Smuggling, in violation of 18 U.S.C. § 554;
AECA Violations, in violation of 22 U.S.C. § 2778;
ECRA Violations, in violation of 50 U.S.C. § 4819;
Violation of the National Firearms Act, in violation of 26 U.S.C. § 5861(d); and
Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o)

Date:    07/17/2024                                        _____
                                                                    *Issuing officer's signature*

                                                                    AMPARO MORENO

City and state:              Tampa, FL                    ELIZABETH WARREN, Clerk, United States District Court
                                                                    *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                                  _____ |
|                                                                    *Arresting officer's signature* |
|                                                                    _____ |
|                                                                    *Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:  Jordan Guy Macdonald Goudreau

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:

Social Security number:

Height:                                                                Weight:

Sex:                                                                   Race:

Hair:                                                                  Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 257 (Rev. 6/78)                                                                                           PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING ☑ SEALED

**OFFENSE CHARGED**

Conspiracy to Violate Arms Export Control Act; Smuggling; AECA Violations; ECRA Violations; Violation of the National Firearms Act; and Unlawful Possession of a Machinegun

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

Place of Offense    U.S.C. Citation

MDFL    18 U.S.C. § 371 18 U.S.C. § 554;
22 U.S.C. § 2778 50 U.S.C. § 4819;
26 U.S.C. § 5861 18 U.S.C. § 922(o)

............. PROCEEDING .............
Name of Complainant Agency, or Person (& Title, if any)

Special Agent Jacob Hamilton, FBI, 813-394-1715

☐ person is awaiting trial in another Federal or State Court, give name of court:

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20 ☐ 21 or ☐ 40. Show District:

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
DOCKET NO.
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s)    MAGISTRATE CASE NO.
before U.S. Magistrate regarding
this defendant were recorded under ▸

Name and Office of Person
Furnishing Information on This Form
Roger B. Handberg    ☑ U.S.Atty    ☐ Other U.S. Agency

Name of Asst. U.S. Atty.:
Risha Asokan

Legal Assistant: Gabrielle Mientek, 813-274-6000

Name of District Court, and/or Judge/Magistrate Location (City)
MIDDLE DISTRICT OF FLORIDA
TAMPA    , FLORIDA

Defendant - U.S. vs. _____ Jordan Guy Macdonald Goudreau

a/k/a (if applicable) _____

If multi-defendant case, Lead Defendant: Jordan Guy Macdonald Goudreau

Address Currently living in New York City

Birth Date  47 Years Old  (Optional unless a juvenile)

☑ Male  ☐ Female  ☐ Alien, Citizenship:

SSN:    FBI No.    Cédula No.

............. DEFENDANT .............

**IS NOT IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding
If not detained give date any prior summons }
was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**

4) ☐ On this charge _____

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges ☐ Fed'l ☐ State
If answer to (6) is "Yes", show name of institution:
Booking No.
Has detainer ☐ Yes } If "Yes"
been filed? ☐ No } give date filed:

DATE OF
ARREST ▸

Or... if arresting Agency & Warrant were not Federal

DATE TRANSFERRED
TO U.S. CUSTODY ▸

☐ This report amends AO 257 previously submitted

| ADDITIONAL INFORMATION OR COMMENTS |
|---|

METHOD OF SERVICE:    RECOMMENDED BOND:    COURTROOM REQUIREMENTS:    Will there be a defendant or witness in custody?
Warrant    Detention    ☐ Yes ☑ No

| Statutes: | Counts: | Penalty Provisions: | Maximum Penalty: |
|---|---|---|---|
| 18 U.S.C. § 371 | One | 18 U.S.C. § 371 ⊞ | 5 Years' Imprisonment / $250,000 Fine / 3 Years of SR / $100 Assessment Fee |
| 18 U.S.C. § 554 | Two and Three | 18 U.S.C. §§ 554(a) and 2 ⊞ | 10 Years' Imprisonment / $250,000 Fine / 3 Years of SR / $100 Assessment Fee |
| 22 U.S.C. § 2778 | Four - Eight | 22 U.S.C. § 2778, 22 C.F.R. § 127.1, and 18 U.S.C. § 2 ⊞ | 20 Years' Imprisonment / $1M Fine / 3 Years of SR / $100 Assessment Fee |

Related Cases:
Def. Counsel:

OCDETF Case: ☐ Yes ☑ No
Gang Member: ☐ Yes ☑ No  If Yes, gang affiliation:

☐ (AP) Appointed
☐ (FD) Federal Public Defender
☐ (PS) Pro Se
☐ (RE) Retained
☑ (TB) To be Appointed
Start Date:

Rev 12/12/2018

| | A | B | C | D |
|---|---|---|---|---|
| 1 | **Statues:** | **Counts:** | **Penalty Provisions** | **Maximum Penalty** |
| 2 | 50 U.S.C. § 4819 | Nine – Twelve | 50 U.S.C. § 4819, 15 C.F.R. § 764.2, and 18 U.S.C. § 2 | 20 Years' Imprisonment / $1M Fine / 3 Years of SR / $100 Assessment Fee |
| 3 | 26 U.S.C. § 5861(d) | Thirteen | 26 U.S.C. §§ 5861(d) and 5871 | 10 Years' Imprisonment / $10,000 Fine / 3 Years of SR / $100 Assessment Fee |
| 4 | 18 U.S.C. § 922(o) | Fourteen | 18 U.S.C. §§ 922(o) and 924(a)(2) | 10 Years' Imprisonment / $250,000 Fine / 3 Years of SR / $100 Assessment Fee |